UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY J. HAECK,

        Plaintiff,

                                                                            Case number 05-72859
v.                                                             Honorable Julian Abele Cook, Jr.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

<u>ORDER</u>

In this lawsuit, the Plaintiff, Amy J. Haeck, ("Haeck"), challenges a final decision by the Defendant, Commissioner of Social Security ("Commissioner"), who had denied her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Relying upon the provisions of Fed.R.Civ.P. 56, Haeck and the Commissioner filed motions for summary judgment, with each party claiming that there are no genuine issues of a material fact to be resolved by the Court in this legal proceeding. On May 9, 2006, Magistrate Judge R. Steven Whalen, to whom these two dispositive motions had been submitted for evaluation, produced a report in which he recommended, in essence, that this Court grant Haeck's motion for summary judgment, and deny the Commissioner's application for dispositive relief.

I.

On January 22, 2002, Haeck filed applications for DIB and SSI benefits, each of which contained an onset date of September 5, 2001. Her applications were premised upon allegations of

disability due to asthma, fibromyalgia, and lupus. After the Social Security Administration (SSA) denied her benefits on June 7, 2002, Haeck made a timely request for an administrative hearing. On October 28, 2004, the administrative law judge determined that Haeck had retained the ability to perform her past relevant work, and consequently, she was not disabled, as defined by the Social Security Administration.

Based upon an examination of Haeck's medical records, the administrative law judge determined that Haeck had experienced fibromyalgia, osteoarthritis of the knees, a history of a fracture of the left ankle, raynaud's disease in the lower extremities, asthma, allergic rhinitis, a history of a positive lupus inhibitor, chronic idiopathic thrombocytopenic purpura, a history of splenectomy, cervical radiculopathy, thoracic radulopathy, left carpal tunnel syndrome, left ulnar nerve neuropathy, as well as a history of fractures in the left heel and left fifth metatarsal. However, he also concluded that none of these various physical maladies matched any of the disabling impairments within the regulations of the Social Security Administration. Thus, it was the conclusion of the administrative law judge that Haeck did possess the physical capacity to perform her past relevant work as an office clerk, and, as such, it was his view that she retained a residual functional capacity to perform light work. He also found that the medical evidence in the official record did not support Haeck's claim that she was completely disabled. In arriving at this determination, the administrative law judge noted that Haeck had handled her own finances, continued to engage in a wide variety of social activities, and continued to smoke despite her asthma. Furthermore, he, while accepting Haeck's contention that she had been adversely afflicted by fibromyalgia, disregarded this claim because of his belief that this level of activity did not comport with her disability claim. As a result, Haeck's request for benefits was denied.

II

The final decision of the Commissioner is reviewed by a district court to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence" is considered to be "more than a scintilla but less than a preponderance." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. V. NLRB*, 305 U.S. 197, 229, (1938)). "It is such reasonable evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Accordingly, "findings based on [the] credibility of the applicant are to be accorded great weight and deference," and should not be disturbed. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997). Additionally, the court must evaluate the administrative record as a whole. *Walker v. Secretary of Health,* 884 F.2d 241, 245 (6th Cir. 1989).

In his evaluation of the record, the magistrate judge opined that the administrative law judge had (1) performed an accurate analysis which was in accord with the statutory requirements of 20 C.F.R. 404.1527(d), (2) properly supported his rejection of Haeck's allegations of disability by citing to various portions of the medical record that contradicted the treating physician's opinion, and (3) incorrectly adopted the findings of a Residual Functional Capacity Assessment ("RFC") that had been compiled over a two year period prior to the commencement of the administrative hearing.

III.

In her appeal to this Court, it is contended by Haeck that the administrative law judge unjustifiably rejected her allegations of disability when he noted that the objective medical evidence did not support her subjective complaints. Thus, she argues that the determinations of

3

the administrative law judge were erroneous, in that he (1) had failed to consider the impact of the limitations created by fibromyalgia, (2) did not conduct an appropriate evaluation of her allegations of pain, (3) failed to give proper deference to her treating physician's diagnoses, and (4) concluded that the opinions of her physician relating to the disabling effects of fibromyalgia, leucoytosis, thrombocytopenia, and chronic pain syndrome were not supported by objective medical evidence.

Typically, when based on objective evidence, a physician's opinion should be allotted significant weight. *Jones v. Secretary of Health and Human Services,* 945 F.2d 1365, 1370 (6th Cir. 2004). If the evidence is uncontradicted, the physician's opinion should be accorded complete deference. *Id.* In *Hamblin v. Apfel,* 7 Fed.Appx. 449, 451 (6th Cir. 2001), the court affirmed the administrative law judge's rejection of a treating physician's opinion, considering it to have been "outdated" on the basis that a consultive physician had performed a more recent appraisal with contradictory findings.

While the administrative law judge presented facially legitimate grounds for discounting the diagnoses of Haeck's medical doctor since they were at odds with some portions of the medical record, his adoption of a RFC that had been composed two years prior to the administrative hearing was improper. During the two year period between the completion of the RFC and the administrative hearing, Haeck complained of several medical conditions, some of which were life threatening. As a result, Haeck's April 2002 RFC assessment lacked the benefit of the subsequently developed records which documented radical health changes, including life threatening medical conditions. The use of superceded information is necessary and germane to an accurate determination in this matter. Accordingly, the Court finds that there

4

are sufficient grounds for remanding this case for further fact finding.

IV.

As a result of its review of the official record in this cause, the Court is satisfied that the administrative law judge lacked substantial evidence when he rejected Haeck's application for disability benefits. Hence, and for the reasons that have been stated above, this Court will, and does, (1) adopt the recommendation of Magistrate Judge Whalen, (2) grant Haeck's motion for summary judgment, (3) deny the Commissioner's request for similar relief, and (4) remand the case for such proceedings that are fully consistent with this decision.

IT IS SO ORDERED.

Dated: July 26, 2006             s/ Julian Abele Cook, Jr.
      Detroit, Michigan             JULIAN ABELE COOK, JR.
                                      United States District Court Judge

Certificate of Service

I hereby certify that on July 26, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                         s/ Kay Alford
                                                         Courtroom Deputy Clerk